UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURJANT SINGH,<br>Petitioner,<br>v.<br>TONYA ANDREWS, et al.,<br>Respondents. | No. 1:26-cv-09160-DAD-CKD (HC)<br><br><u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. No. 2) |

On November 6, 2026, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus pursuant and a motion for temporary restraining order seeking his immediate release from custody. (Doc. Nos. 1, 2) That same day, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondents were further directed to state any opposition that they have to the court's intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On November 11, 2026, respondents filed an opposition. (Doc. No. 7.) Therein, respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and the

petition should be denied because petitioner has failed to exhaust his administrative remedies. (*Id.* at 1–2.) Respondents have not stated any opposition to this court ruling on the merits of the underlying petition based upon the briefing now before it, and the court will do so.

Based on the parties' submissions, the court finds the following facts. On or about November 21, 2023, petitioner was encountered by border patrol officials near the border of the United States and Mexico, placed in removal proceedings, and released into the United States on his own recognizance with regular reporting requirements. (Doc. Nos. 1-2 at 2; 1-3 at 1; 7-1 at 3.) On or about August 31, 2026, petitioner was arrested by local law enforcement in connection with an incident as to which criminal charges were never filed. (Doc. No. 1 at ¶ 6.) On October 19, 2026, petitioner appeared at an ICE office during a regularly scheduled check-in, during which he voluntarily disclosed the August 31, 2026 arrest. (*Id.*) Petitioner also provided ICE with documentation establishing that no criminal charges were filed as a result of the arrest. (*Id.*) Petitioner alleges that ICE did not detain him, revoke his release, inform him that the incident constituted a violation of his release, or otherwise indicate that he was subject to re-detention. (*Id.* at ¶ 7.) On or about October 21, 2026, immigration authorities directed petitioner to re-appear at an ICE field office to "complete additional paperwork and participate in an interview." (*Id.* at ¶ 8.) Petitioner alleges that "ICE did not advise Petitioner that his release was being reconsidered, that detention was contemplated, or that DHS believed he had violated any condition of his release." (*Id.*) On or about October 24, 2026, petitioner appeared at an ICE office as instructed and was immediately re-detained without advanced notice or an explanation as to why he was being taken into custody. (*Id.* at ¶¶ 10–11; 7-1 at 2.)

In the pending petition, petitioner challenges his detention on due process grounds. (Doc. No. 1 at ¶¶ 132–204.) The court incorporates its reasoning set forth in *Ramirez v. Warden of Golden State Annex Det. Facility*, No. 1:26-cv-02544-DAD-AC, 2026 WL 1078250, at *2–3 (E.D. Cal. Apr. 21, 2026) (quoting *Hernandez v. Mullin*, No. 5:26-cv-00585-JAK-ADS, 2026 WL 846037, at *7–8 (C.D. Cal. Mar. 24, 2026)) and concludes that waiver of exhaustion is appropriate where, as here, petitioners raise due process challenges to the procedures employed by immigration authorities.

As to the merits of petitioner's case, the court adopts and incorporates its reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025) and concludes that petitioner's re-detention without notice or a pre-deprivation hearing violates due process because he obtained a liberty interest in his continued freedom after immigration authorities released him into the United States on his own recognizance in 2023. Accordingly, the court will grant petitioner's habeas petition and order his immediate release.

For these reasons,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Gurjant Singh, A-File No. 245-491-520, from respondents' custody on the same conditions, if any, he was subject to prior to his re-detention on or about October 24, 2026;

   b. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;

   c. Petitioner's request for attorneys' fees is DENIED without prejudice to renewal on a properly noticed and supported motion;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Facility; and

/////

/////

/////

4. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 17, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE